# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2022

Lyle W. Cayce
Clerk

No. 22-60153
Summary Calendar

---

ISLAND OPERATING COMPANY, INCORPORATED; LOUISIANA WORKERS' COMPENSATION CORPORATION,

*Petitioners—Appellants*,

*versus*

DONNA SANCHEZ, *Widow of Allen D. Sanchez*; DIRECTOR, *Office of Workers' Compensation Programs, United States Department of Labor*,

*Respondents—Appellees*.

---

Appeal from the United States Department of Labor
Benefits Review Board
BRB No. 21-0092

---

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Claimant Donna Sanchez sought benefits pursuant to the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 *et seq.*, as extended by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

*et seq.* She alleged that her husband Allen's death was causally related to his work for the Island Operating Company, Incorporated ("Island").

The Administrative Law Judge ("ALJ") held that Allen's heart attack and death arose out of and in the course of his employment with Island. Accordingly, the ALJ awarded Sanchez benefits under Section 9 of the Act, 33 U.S.C. § 909, based on Allen's average weekly wage, *id.* § 910(c). Island appealed to the Benefits Review Board ("the Board"), challenging the finding that Allen's work activities contributed to his death and, alternatively, the calculation of Allen's average weekly wage. The Board affirmed the ALJ's decision and order awarding benefits. Island then appealed to this court.

We review decisions of the Board under a highly deferential standard, assessing "whether it has adhered to its proper scope of review— *i.e.*, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603 (5th Cir. 2004). After review of the briefs and record, we conclude that the Board thoroughly considered the case brought by Sanchez, fairly considered Island's defenses to her claims, and committed no reversible error in its decision. Accordingly, we AFFIRM the Board's decision essentially for the reasons stated in its thorough, well-reasoned opinion.